# Exhibit M



| | |
|---|---|
| **John C. McElwaine**<br>(Admitted in DC & SC)<br>T 202.689.2939  F 803.255.9831<br>john.mcelwaine@nelsonmullins.com | NELSON MULLINS RILEY & SCARBOROUGH LLP<br>ATTORNEYS AND COUNSELORS AT LAW<br><br>101 Constitution Avenue, NW | Suite 900<br>Washington, DC 20001<br>T 202.689.2800  F 202.689.2860<br>nelsonmullins.com |

November 21, 2018

**VIA EMAIL AND OVERNIGHT COURIER**
John Sweeting
Senior Director
American Registry for Internet Numbers (ARIN)
3635 Concorde Parkway, Suite 200
Chantilly, Virginia 20151
Email:  hostmaster@arin.net

RE:     Follow Up Regarding Loss of ARIN Services

Dear Mr. Sweeting:

This law firm represents Micfo, LLC, and its wholly owned subsidiaries (collectively, "Micfo"). I am writing to follow up to my November 13, 2018, letter sent pursuant to Section 14(i) of the American Registry for Internet Numbers, Ltd. ("ARIN") Registration Services Agreement ("Registration Services Agreement") notifying ARIN that it has suspended certain services to Micfo without the right to do so under this agreement.  Specifically, Micfo's ARIN services have been significantly interrupted because they were unable to run any of the following functions related to their IP resources:

- Modify
- Manage Reverse DNS
- Manage RPKI
- Manage Organization or Resource POCs
- Create Reassignment

As I noted in my letter, we believe that ARIN only has rights to stop Services upon a breach of Sections 2(c)-(e), 4, 7 or 11.  Registration Services Agreement at Section 13(b).  Micfo is unaware of any alleged breach of Section 2(c)-(e) or Section 7, has timely made all payments under Section 4, and has not refused claim for indemnity (as none has been requested) under Section 11.  In my letter, Micfo respectfully request immediate restoration of its Services or a reply as to the cause or justification of such interruptions.  Neither I nor Micfo has received a formal response.  Micfo did receive a telephone call from Lisa Liedel stating that Micfo's Services were disabled as a result of, "ARIN locking everything down as we were going through your extended review process."  However, I have been unable to find anything in the Registration Services Agreement that allows for the disabling or "locking down" Services during an ARIN review.  If we are incorrect, please point me to the proper authority for such measures.

John Sweeting
American Registry for Internet Numbers (ARIN)
Page 2

Around the same time as Ms. Liedel's call, on November 13, 2018, Micfo received a notification from you that ARIN was conducting a review under Section 12 of the ARIN Number Resource Policy Manal ("Policy Manual").  The request broadly seeks corporate documents from March 2015 to the present to confirm the ongoing operations for Micfo, LLC, including specifically, tax filings, vendor contracts (including connectivity agreements, colocation agreements, monthly invoices), asset inventory, customer lists and payroll information.  Essentially, the request asks Micfo to produce trade secrets and highly sensitive business and personnel information for more than a three year period.  Micfo has thousands of customers.  Compliance with this request would involve thousands of pages of documents and sensitive human resources information.  The request is overly broad and unduly burdensome to Micfo.

Micfo is in the process of complying ARIN's request and will need additional time beyond November 30, 2018.  Importantly, however, ARIN is allowed to request only "reasonable" documents to conduct its review. Policy Manual at Section 12.1.  A determination of reasonableness entails transparency on the part of the requesting party (here, ARIN) as to the purpose of the request.  Micfo should not be forced to participate in a "fishing expedition" under the specter of its services being suspended.  Therefore, in order to evaluate and assemble *reasonable* documentation related to ARIN's review, Micfo necessarily must know the purpose of ARIN's request.  Simply put, what are ARIN's concerns that Micfo can alleviate?

We look forward to your written response.  In the event that ARIN is represented by counsel in this matter, please forward this letter and direct all future communications with us through him or her.

                                              Very truly yours,

                                              John C. McElwaine

JCM/